UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

|  |  |
|---|---|
| UNITED STATES, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Court No. 24-00222 ) |
| IRON MULE PRODUCTS, INC., | ) ) |
| Defendant. | ) ) ) |

## **COMPLAINT**

The United States, by and through its undersigned attorneys, hereby brings this action against defendant Iron Mule Products, Inc. (Iron Mule), and alleges the following:

1. This is an action to recover unpaid custom duties and to enforce a monetary civil penalty pursuant to 19 U.S.C. § 1592.

2. This Court possesses exclusive jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.

3. At all times relevant to the matters described in this complaint, and upon information and belief, defendant Iron Mule was incorporated in the State of Missouri and its registered address is 11425 Farm Road, No. 2182, Cassville, Missouri 65625.  Iron Mule specializes in the importation of equipment parts used in methane and oil field operations. According to its website Iron Mule "serve[s] the equipment needs of methane and oil field companies throughout the world[]" by providing a variety of products made of "iron, aluminum, bronze, brass or stainless steel."  Since at least 2015, Iron Mule has been importing equipment parts, including but not limited to pipe fittings, including couplings, nipples, valves, wellheads,

hammer unions, and bull plugs, whether made of iron, aluminum, bronze, brass, or stainless steel, forged steel fittings, finished carbon steel flanges, carbon steel butt-weld (CSBW) pipe fittings, valve parts, pony/sucker rods, rod couplings, pup joints, and various other items from the People's Republic of China (China), Cambodia, India, and/or the Republic of Korea (Korea) into the United States.

4.      During the period between October 1, 2015, through on or about October 31, 2020, Iron Mule, as importer of record, caused to be entered or introduced (or attempted to enter or introduce) into the commerce of the United States certain merchandise ("the subject merchandise"), consisting of equipment parts, including but not limited to pipe fittings, including couplings, nipples, valves, wellheads, hammer unions, and bull plugs, whether made of iron, aluminum, bronze, brass, or stainless steel, forged steel fittings, finished carbon steel flanges, CSBW pipe fittings, valve parts, pony/sucker rods, rod couplings, pup joints, and various other items manufactured in China, Cambodia, India, and/or Korea, under cover of two hundred eight (208) entries ("the subject entries") filed with U.S. Customs and Border Protection (CBP) at various ports.  The subject entries are identified in Exhibit A to this complaint.

5.      The subject merchandise covered by the subject entries was entered or introduced into the commerce of the United States by means of material false statements, acts, or omissions. In its entry documentation Iron Mule:  misrepresented the value of the subject merchandise; failed to identify U.S. Department of Commerce antidumping and countervailing duty case numbers and falsely represented that entries were not subject to antidumping or countervailing duties; misrepresented the country of origin;  misrepresented the applicable Harmonized Tariff Schedule of the United States (HTSUS) classification; omitted that additional duties were applicable under Section 232 of the Trade Expansion Act of 1962 (Section 232) and Section 301

of the Trade Act of 1974 (Section 301), and/or; falsely stated that the subject merchandise was eligible for Generalized System of Preferences (GSP) treatment.  As further specified in Exhibit A to this complaint, Iron Mule entered 208 entries of subject merchandise from 2015 through 2020, with each entry containing at least one material false statement or omission with respect to value, antidumping and countervailing duty applicability, country of origin, HTSUS classification, Section 232 or Section 301 applicability, and/or GSP treatment.

6. The false statements, acts, or omissions referenced in paragraph 5 above were material in that they had the potential to (and did) impact CBP's determinations regarding the amount of duty owed on the subject entries.  CBP calculated the total loss of revenue as $3,260,333.38 in unpaid duties.

7. Every importer of record must exercise reasonable care in entering merchandise into the United States.  *See* 19 U.S.C. § 1484(a)(1).  Under the circumstances, Iron Mule's material false statements, acts, and omissions referenced in paragraph 5 above resulted from its failure to exercise reasonable care and competence to ensure that statements made and information provided in connection with the importation of the subject merchandise was complete and accurate.

8. Iron Mule did not exercise reasonable care in collecting accurate information about its suppliers to ensure that its entry documentation was accurate before filing with CBP. Iron Mule acknowledged to CBP that, with respect to the entries of subject merchandise listed in paragraph 4 above and detailed in Exhibit A to this this complaint, Iron Mule lacked the necessary controls and procedures within its business to ensure compliance with accurate entry requirements under 19 U.S.C. § 1484.

9. Between 2015 and 2020, Iron Mule repeatedly failed to take steps to

recognize how its subject merchandise should be classified under the HTSUS and whether special duty rates or additional duties applied to those entries.  For several other entries, particularly those involving country of origin, antidumping and/or countervailing duty, and/or Section 232 and 301 duty errors, Iron Mule did not take reasonable steps to ensure that its suppliers listed in its entry paperwork were capable of producing the subject merchandise that was being entered.

10.    On October 1, 2024, CBP issued a penalty to Iron Mule and demanded payment of the lost revenue.  All required notices, petitions for relief, and demands for payment were processed in accordance with applicable laws and procedures.

11.    To date, Iron Mule has not paid any of the unpaid duties and penalty demanded by CBP, which total $10,047,166.

## **COUNT I**

12.    The allegations contained in paragraphs 1 through 11 above are restated and incorporated by reference.

13.    The statements, acts, and omissions referred to in paragraphs 4 through 6 above resulted from Iron Mule's failure to exercise reasonable care and competence to ensure that statements made and information provided in connection with its entries were complete and accurate and, thus, constitute negligent violations of 19 U.S.C. § 1592(a).

14.    By reason of the negligent violations referred to above, Iron Mule is liable to the United States, pursuant to 19 U.S.C. § 1592(c)(3), for a civil penalty in the amount of $6,786,832.58, plus post-judgment interest.  This negligence penalty is equal to two times the total loss of revenue of $3,393,416.29 and does not exceed the domestic value of the merchandise which CBP calculated to be $17,460,879.65.

## **COUNT II**

15. The allegations contained in paragraphs 1 through 11 above are restated and incorporated by reference.

16. By reason of the violations of 19 U.S.C. § 1592(a) identified above, Iron Mule is liable, pursuant to 19 U.S.C. § 1592(d), for the restoration of lawful duties, taxes, and fees of which the United States has been deprived, in the amount of $3,260,333.38, plus pre-judgment and post-judgment interest.

WHEREFORE, the United States respectfully requests that the Court:

(a) Enter judgment for the United States and against Iron Mule for a negligence penalty in the amount of $6,786,832.58, pursuant to 19 U.S.C. § 1592(c)(3), plus post-judgment interest, costs, and such other relief as may be just and appropriate; **and**

(b) Enter judgment for the United States against Iron Mule, in the amount of $3,260,333.38, pursuant to 19 U.S.C. § 1592(d), plus pre-judgment and post-judgment interest, costs, and such other relief as may be just and appropriate; **and**

(c) Award such additional relief as the interest of justice may require.

> Respectfully submitted,
>
> BRIAN M. BOYNTON
> Principal Deputy Assistant Attorney General
>
> PATRICIA M. McCARTHY
> Director
>
> /s/  Franklin E. White, Jr.
> FRANKLIN E. WHITE, JR.
> Assistant Director

| | |
|---|---|
| OF COUNSEL: | /s/Christopher A. Berridge |
| PHILIP J. HISCOCK | CHRISTOPHER A. BERRIDGE |
| Deputy Associate Chief Counsel | Trial Attorney |
| Department of Homeland Security | Department of Justice |
| U.S. Customs and Border Protection | Civil Division |
| Office of the Associate Chief Counsel | Commercial Litigation Branch |
| Chicago, IL 60607 | PO Box 480, Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Tel.: (202) 598-7392 |
| | Email: Christopher.Berridge@usdoj.gov |
| December 9, 2024 | Attorneys for Plaintiff |