UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| UNITED STATES,<br>*Plaintiff,*<br>v.<br>IRON MULE PRODUCTS, INC.,<br>*Defendant.* | Court No. 24-00222 |

**DEFENDANT'S MOTION FOR REFERRAL TO COURT-ANNEXED MEDIATION**

Defendant, Iron Mule Products, Inc., pursuant to Rule 16.1 and Rule 1 of the United States Court of International Trade ("USCIT") and the Court's Guidelines for Court-Annexed Mediation, respectfully moves for an order referring this action to court-annexed mediation. On August 24 and 27, 2026, Iron Mule requested the government's position as to this motion; as of the time of filing, however, the government has not responded.

The government commenced this action against Iron Mule in late 2024, seeking recovery of unpaid customs duties and enforcement of a monetary civil penalty pursuant to 19 U.S.C. § 1592. *See* Compl., ECF No. 2. The complaint alleges that from October 1, 2015, through October 31, 2020, Iron Mule, as importer of record, entered certain merchandise under cover of 208 entries filed with U.S. Customs and Border Protection at various ports. *Id.* at ¶ 4. The complaint alleges that Iron Mule failed to exercise reasonable care in collecting information about its suppliers and classifying its merchandise, which resulted in lost revenue. *Id.* at ¶¶ 5-9. The government seeks to recover the allegedly lost revenue, *see* 19 U.S.C. § 1592(d), as well as a penalty for allegedly negligent violations of 19 U.S.C. § 1592(a). *Id.* at ¶¶ 13-16.

The parties have been engaged in settlement discussions since the outset of this case. After

the government filed its complaint in late 2024, Iron Mule's deadline to respond to the complaint has been extended eleven times to facilitate these settlement discussions. *See* Consent Mot. Extension Time, ECF No. 29. Although those discussions were temporarily interrupted by government shutdowns, they have since resumed and remain active. The parties are currently continuing their discussions, and the government is still considering Iron Mule's latest settlement proposal. As of the time of filing of this motion, however, the government has not yet provided a formal response. Iron Mule's current deadline to respond to the Complaint is August 31, 2026.

USCIT Rule 16.1 expressly authorizes the Court to refer any action to court-annexed mediation "[a]t any time during the pendency of an action," either *sua sponte* or "[i]n response to a motion from one or more parties." There is no requirement that issue be joined before referral to mediation; the sole procedural limitation is that, if a party moves for referral, the motion must be brought "not less than 30 days prior to the scheduled date for the filing" of dispositive briefing. USCIT Rule 16.1; *see United States v. Crown Cork & Seal USA, Inc.*, 2023 WL 2232067, at *5 (Ct. Int'l Trade Feb. 27, 2023) (denying a pre-answer motion to dismiss and ordering the parties to confer "on whether referral to mediation would be appropriate"). Moreover, USCIT Rule 1 counsels that "the court and the parties" should "construe[], administer[], and employ[]" the USCIT Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."

This case is ripe for mediation. Both parties have exhibited a willingness to seek a negotiated resolution of this matter, rather than needlessly litigate, as evidenced by the many extensions of time to the respond to the complaint that Iron Mule has sought and that the government has consented to. Requiring the parties to present their settlement positions to a knowledgeable neutral, on a set schedule, will help promote a timely resolution of this case without

further delay. Furthermore, a judge-mediator will be able to identify strengths and weaknesses in each side's position that the parties may not have considered, bringing a fresh perspective that will also help spur settlement. On the other hand, the alternative to mediation at this stage—motion practice and discovery—is likely only to increase the parties' expenses and delay resolution. The goals of USCIT Rule 1 are best served by encouraging settlement through mediation where there has been a willingness to resolve the dispute without protracted litigation.

The government, as of the time of filing of this motion, has not objected to Iron Mule's request to refer this case to mediation. Even if it did object, however, that is no bar to referral. In *United States v. Tenacious Holdings, Inc.*, 6 F. Supp. 3d 1374 (Ct. Int'l Trade 2014), the Court ordered the case referred to mediation over the government's objections, noting that mandatory mediation results in similar success as voluntary mediation. The mediation was ultimately successful and resulted in a settlement. *United States v. Tenacious Holdings, Inc.*, ECF No. 52, Court No. 12-00173 (Ct. Int'l Trade Mar. 10, 2015). And in *Crown Cork & Seal*, the Court likewise ordered referral to mediation even though the government objected. *United States v. Crown Cork & Seal USA, Inc.*, ECF Nos. 39, 44, Court No. 21-00361 (Ct. Int'l Trade Mar. 9 & 16, 2023). Although that mediation was unsuccessful, the parties ultimately settled the case anyway. *Id.*, ECF No. 66. Here, even if the government were to object to mediation (and it has not done so yet), the parties' continued willingness to engage in settlement discussions, together with the unique circumstances of this case, strongly suggest that referral to mediation will facilitate the timely, cost-effective resolution of this matter, in accordance with the goals of USCIT Rule 16.1 and USCIT Rule 1.

For these reasons, Iron Mule respectfully requests that the Court grant its Motion for Referral to Court-Annexed Mediation and enter an Order referring this action to the Court's court-annexed mediation program, designating an appropriate Judge Mediator, and staying all proceedings for ninety (90) days or until the mediation process is concluded, whichever occurs first, pursuant to the Guidelines for Court-Annexed Mediation.

Dated: August 27, 2026

Respectfully submitted,

/s/ Luke Mathers
Luke Mathers
**SANDLER, TRAVIS & ROSENBERG, P.A.**
286 Madison Avenue, Suite 1200
New York, New York 10017
(212) 549-0160
lmathers@strtrade.com
*Attorneys for Defendant*