IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | | |
|---|---|---|
| UNITED STATES,<br><br>Plaintiff,<br>v.<br><br>IRON MULE PRODUCTS, INC.,<br><br>Defendant. | ) | Court No. 24-00222 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S ADR REQUEST**

The United States opposes the motion for referral to court annexed mediation (Def. Mot., ECF No. 31) that was filed by defendant, Iron Mule Products, Inc. (Iron Mule) on August 27, 2026. Regardless of whether the Court has in other cases directed the parties to alternative dispute resolution ("ADR") at an early stage of litigation, it is the Government's position that the Court should *deny* Iron Mule's request for premature ADR in this matter, before its having filed a response to the Government's complaint.

The United States filed this action on December 9, 2024. Compl., ECF No. 1. Since then, eleven extensions of time have been granted to facilitate good faith settlement negotiations. Despite those efforts, the parties remain substantially apart, and Iron Mule has yet to file any response to the complaint. The United States has placed its claims and allegations on the record, but Iron Mule has not formally stated its positions as to those claims. Without an answer or other response, the United States does not know which allegations Iron Mule admits or denies or what defenses Iron Mule intends to assert.

ADR is particularly premature given the nature of the Government's claim. This action seeks a civil penalty based solely on negligence under 19 U.S.C. § 1592. Once the Government

establishes the act or omission constituting the violation, the burden shifts to Iron Mule to prove that the act or omission did not result from negligence. *United States v. Titan Metals Corp.*, 378 F. Supp. 3d 1325, 1333 (Ct. Intl. Trade 2019) ("Statutory negligence, unlike common-law negligence, shifts the burden of persuasion to the defendant to demonstrate lack of negligence; that is, CBP has the burden merely to show that a materially false statement or omission occurred, and once it has done so, the defendant must affirmatively demonstrate that it exercised reasonable care under the circumstances."). Relatedly, Iron Mule has the burden of proving any prior disclosure defense it intends to raise under 19 U.S.C. § 1592(c)(4)(B). *United States v. Ford Motor Co.*, 463 F.3d 1267, 1279 (Fed. Cir. 2006) ("[T]he importer has the burden of proof in establishing lack of knowledge of commencement of the investigation" for use of safe harbor "prior disclosure" defense which "limits the available penalty to interest on the amount of duties, taxes, and fees of which the government was deprived by the violation.").

Here, Iron Mule has still not filed an answer, identified any defenses, or explained how it intends to meet its statutory burden. Yet it asks the Government to enter ADR without it knowing whether Iron Mule disputes the alleged acts or omissions, whether it claims to have exercised reasonable care, whether it intends to assert a "prior disclosure" defense to limit penalties, or what facts it believes support any of those positions.

This information is not peripheral. In a section 1592 negligence case, Iron Mule's reasonable-care showing is central to the merits and is an issue on which Iron Mule—not the Government—bears the burden of proof. Meaningful ADR is impossible without knowing what Iron Mule contends it did to meet that standard, so that the Government can evaluate the strength of Iron Mule's position and assess settlement accordingly. The same is true for any prior-disclosure defense under 19 U.S.C. § 1592(c)(4)(B). Absent a threshold response from

Iron Mule, ADR would force the Government to negotiate blind on the very issue for which Iron Mule carries the statutory burden.

Given the parties' prior settlement efforts and the substantial time already afforded to Iron Mule, it should have to respond to the complaint before the parties are referred to ADR—if at all. An answer will define the issues in dispute and provide a meaningful framework for any subsequent case decisions.

Accordingly, the United States respectfully requests that the Court deny Iron Mule's request for ADR as premature and order Iron Mule to file an answer or otherwise respond to the complaint.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

/s/Khashayar Attaran
KHASHAYAR ATTARAN
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 257-8465
Email: Khashayar.Attaran@usdoj.gov

September 17, 2026

*Attorneys for Plaintiff United States*

CERTIFICATE OF SERVICE

I hereby certify that, on September 17, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of International Trade by using the Court's CM/ECF system.

/s/ Khasha Attaran
KHASHAYAR ATTARAN